HARTMAN et al. v. SPIVEY et al.—123 S. W. (2d) 1110.
(Three Cases).

Middle Section.    August 6, 1938.

Petition for Certiorari Denied by Supreme Court, January 21, 1939.

436

J. R. Smith, of Lafayette, and Roberts & Roberts, of Nashville, for appellant Hartman.

P. J. Anderson, of Gainesboro, and C. R. Jent, of Lafayette, for appellee Spivey.

CROWNOVER, J.   These three suits were consolidated in the Chancery Court.

These proceedings seek relief against judgments at law on the grounds that the complainants were prevented, by the acts of the defendants, from setting up their defenses in the law court, which defenses were good and valid, and further that these are cases of complicated accounts which could not be satisfactorily handled in a law court.

The defendant, Spivey, denied that the complainants were prevented from presenting their defenses and that these are cases of complicated accounts, and asserted that the cases were disposed of in the Circuit Court and that he had just claims against these parties.

The records of the cases were lost.   There has been supplied what purports to be a copy of the lost record in the Chancery Court.

R. R. Spivey instituted suit in a justice of the peace court against C. G. Hartman, B. W. Hartman, and J. W. Hartman for the collection of a note for $200.   At the same time he instituted suit against

C. G. Hartman for the collection of an account of $166.17, and against J. W. Hartman on an account of $205.66.

At the trial of these cases the Hartmans filed a number of cancelled checks, which showed on their face that some were in payment of the note and some in payment in full of the accounts, and they contended that the note and accounts had been paid in full. Spivey contended that the checks had been altered and the words "on account" and "on note" had been added after the checks were cashed by him; that these checks had not been given him in payment of the note or accounts but that he had given the complainants cash or merchandise for these checks.

The justice rendered judgments for $220.20 against C. G., B. W., and J. W. Hartman on the note; for $166.17 against C. G. Hartman on an account; and for $205.67 against J. W. Hartman on an account —in favor of R. R. Spivey.

It appears that the Hartmans filed appeal bonds, which the justice refused to accept. They then filed their paupers' oaths, which the justice refused for the reason that they owned property.

They then filed a petition for certiorari in the Circuit Court, which was granted, and the causes were removed to the Circuit Court.

It appears that the three cases were brought to the Circuit Court as one case, and that evidence was heard, and that Spivey filed a demurrer on the ground that there should have been separate petitions for the writs of certiorari in each case, which demurrer was sustained and the petition dismissed.

The Hartmans then filed three bills in the Chancery Court, each bill attacking a judgment, asking for injunction to enjoin execution, and that the case be tried de novo and dismissed.

Injunctions were issued on the execution of bonds.

The defendant Spivey answered the bills and alleged that a hearing was held before the justice at which the complainants presented a number of cancelled checks and insisted that they were given in payment of the note and accounts; that the defendant (the plaintiff in the justice's court) contended that the checks had been altered; that the justice rendered judgments for the amounts sued for; that these cases were dismissed in the Circuit Court; that the complainants have no valid defenses and the suits are not complicated.

The defendant filed demurrers with the answers, and later filed motions to dissolve the injunctions. The Chancellor ordered that injunction bonds be filed, and overruled the demurrers. Bonds were filed, signed by the three Hartmans and H. C. Hesson.

Each complainant amended his bill so as to confess judgment.

On motion of counsel the Chancellor ordered the three causes consolidated and ordered a reference to Fred Gregory, Special Clerk and Master, to take proof and state accounts between the parties.

At the hearing before the Special Clerk and Master on the reference, the complainants testified that their original cancelled checks, which checks had been given in payment of the note and accounts, had been filed with the Circuit Court Clerk and had been lost or misplaced by him, and they introduced a list of checks which they testified was a copy of each of said checks, which paid said note and accounts in full. Spivey testified that the accounts sued on by him were correct and that the note was not entitled to any credits.

The Special Master reported that J. W. Hartman's account should be credited with $12 and C. G. Hartman's account with $37.50, but that the note was entitled to no credits.

This report seems to have been ignored. It was not excepted to and was not confirmed by the Chancellor.

It appears that the records of these cases in the Circuit Court and Chancery Court were lost. At the March Term, 1935, the Chancellor ordered that the record in the Chancery Court be supplied.

On July 30, 1935, copies of the pleadings and depositions in the Chancery Court were filed, accompanied by affidavit of J. A. Smith, former solicitor for the complainants.

It appears that no order of the court was entered supplying the record and substituting the copies for the originals (Gibson's Suits in Chancery (4 Ed.), secs. 944-945; Code, sec. 9887 and notes).

But it is stated in the Chancellor's decree of Sept., 1935, that by agreement of counsel the case was heard on the record as supplied.

At the September Term, 1935, the defendant Spivey moved the court to dissolve the injunctions and render final judgments in his favor because the complainants had confessed judgments and the records and exhibits had been lost and could not be supplied.

At this term the defendant Spivey presented to the court certified copies of the injunction bonds and moved the court to be allowed to file them in lieu of the originals by way of supplying the record, which bonds were ordered to be filed. These bonds were signed by the three Hartmans, Mrs. B. W. Hartman, Mrs. J. W. Hartman, Anice Hartman, and Dr. H. C. Hesson.

At the September Term, 1935, the Chancellor rendered his decree, which recites:

"These consolidated causes came on to be heard, tried and determined on this and former days of the term, by and before the Hon. A. F. Officer, Chancellor, upon the alleged supplied record of the causes furnished by the several complainants in these several causes, and upon the agreement of counsel for both sides, that the causes would be determined by the court upon such record as supplied, and from all which the court finds, orders and decrees as follows, to-wit:

"That there is not supplied in the record in either of these causes

sufficient pleading by the several complainants upon which the court could grant relief as against the judgments at law complained of.''

And he rendered decree, on September 12, 1935, in favor of the defendant Spivey and against C. G. Hartman, principal, and B. W. Hartman, J. W. Hartman, Vera Hartman,. Pearl Hartman, Anice Hartman, and Dr. H. C. Hesson, sureties, for $185.72; against J. W. Hartman, principal, and all of the other above named parties, sureties, for $229.59; and against C. G. Hartman, B. W. Hartman, and J. W. Hartman, as principals, and Vera Hartman, Pearl Hartman, Anice Hartman and Dr. H. C. Hesson, sureties, for $245.91.

The complainants excepted to said decree and prayed and were granted an appeal and were allowed thirty days in which to perfect said appeal, but did not perfect same.

On September 30, 1935, the complainants filed a petition for a rehearing, alleging that through oversight the supplied pleadings were not passed to the Chancellor and were not before him when he rendered his decree.

The affidavit of J. M. Chamberlain, Clerk and Master, was filed, certifying that the deputy clerk ''failed to attach all papers as prepared by her to the supplied file, and the file and record as supplied was not presented to the Court, several papers so prepared by her being inadvertently overlooked, which fact was also overlooked by the solicitors in the cause.''

The Chancellor dismised the petition, holding that it came too late, as his court had adjourned and he had held court in two other counties as provided by statute before said petition was filed.

Thereupon executions were issued against the complainants and the sureties on their injunction bonds.

On December 30, 1935, the complainants filed a bill of review. In addition to the original complainants, Vera Hartman, Pearl Hartman, Anice Hartman, and Dr. H. C. Hesson joined as complainants. A history of the whole proceedings in all the courts was reviewed, and it was alleged that the decrees were erroneous, and it was prayed that the bill be filed as a bill of review or in the nature of a bill of review for errors appearing on its face, in that the pleadings were not shown to Chancellor, and also be treated as a bill attacking the decree for fraud, accident and mistake.

The defendant Spivey filed a demurrer and an answer and denied many of the allegations of the bill of review.

The case was heard by the Chancellor at chambers, on March 6, 1936, on bill of review, motion to dissolve the injunction, and on the demurrer; and the Chancellor rendered a decree overruling the demurrer; and dissolving the injunction as to the three Hartmans and Dr. Hesson, and dismissed the bill of review as to these parties; but he amended his original decree against Pearl Hartman, Vera Hart-

man and Anice Hartman so as to hold that they were not liable on the bond. He affirmed his original decree in all other respects, and taxed the complainants with 4/7 of the costs and the defendant Spivey with 3/7 of same.

The complainants and the defendant excepted to said decree and prayed an appeal, which was granted. The complainants Hartman perfected their appeal by filing the paupers' oath, and have assigned errors in this court which raise the following propositions:

(1) The Chancellor erred in not admitting the complainants' bill of review, because the decree of the Chancellor shows on its face that the Chancellor passed upon the case without considering any of the pleadings.

(2) The cause was not heard on its merits.

(3) The Chancellor erred in not sustaining the bills of complainants.

(4) The Chancellor erred in not confirming the report of the Special Clerk and Master.

We will treat all the assignments together, as there is only one determinative proposition, and that is, whether the Chancellor erred in dismissing the bill of review.

All the propositions in this case were raised and discussed in the case of Randall v. Payne, 1 Tenn. Ch., 137, and were decided adversely to the parties who filed the bill of review.

In that case it was insisted that the record was not properly supplied and the cause was not properly heard as the decree was rendered in the absence of material pleadings. Chancellor Cooper held that these errors could not be reached by an original bill in the nature of a bill of review, nor by a bill of review. He said the remedy was by a petition for a rehearing upon proper averments, or by resort to the appellate court.

In this case the Chancellor properly dismissed the petition for a rehearing because it was filed after adjournment of court and too late.

A petition for a rehearing must be filed during the term of court and within thirty days after the entry of the decree. If the term of the court has expired by limitation when the petition is filed, it comes too late. Gibson's Suits in Chancery (4 Ed.), secs. 572 and 1218.

In the Randall v. Payne Case, 1 Tenn. Ch., 137, it was insisted that the record had been lost and not properly supplied, and that the case was tried on a misstatement of counsel in the absence of counsel for the complainant, and that several of the pleadings had been lost and not supplied when the record was handed to the Chancellor, and he rendered the decree without those pleadings. Chancellor Cooper held that the bill could not be sustained for fraud, as it

did not allege sufficient grounds, and the fact that it was tried without the presence of counsel is no excuse, as such irregularities in the proceedings were no grounds for a bill of review. He further held that the fact that the case was tried without certain pleadings was no ground for a bill of review, and was not a fraud upon the parties, as no fraud was alleged. He held that although the papers in a cause may be lost, yet having once become records they are, in the eyes of the law, always records, and litigants are entitled to the benefit of them as if still existing. But the diligent litigant is not compelled to wait upon his adversary to supply lost papers on his side. It is the duty of the adversary to be present when his case is called, and attend to his rights then and there by proper objections. If he fails to do so, he cannot be heard to say that a decree justified by the records, although some parts of them may be lost, was fraudulently obtained.

In other words, it was the duty of the counsel for the litigants, when they agreed to try the case on the records as supplied, to see that they were properly supplied and given to the Chancellor. .

The complainants have shown no sort of diligence in preparing these consolidated causes for trial. The papers were lost or mislaid without any apparent excuse. It is alleged by defendant Spivey that there has been a studied attempt to delay the hearing and to delay the day for collection, and it appears that he has some grounds for this insistence (for which the present counsel is not to blame). Suffice it to say that they now give no sufficient grounds for a bill of review.

If the bill of review could be sustained as such, we would be constrained to hold that the original decrees of the Chancellor were correct. On a bill of review, if entertained as such, the former decree so far as erroneous will be reversed, and the court will proceed to retry the case on the record, rendering the decree the evidence will authorize. 21 C. J., 766, sec. 918; Wilson v. Schaefer, 107 Tenn., 300, 325, 64 S. W., 208; Berdanatti v. Sexton, 2 Tenn. Ch., 699, 704.

On the trial the burden is on the complainants to show error, as all presumptions are in favor of the correctness of the decree assailed.

''The usual defense to a bill for error apparent is a demurrer or its equivalent. The issue thus raised is a question of law, similar to the issue on a joinder in error on appeal. The question thus presented is whether, taking everything stated in the record as true, excluding the evidence, the decree is supported by the record. Otherwise stated, the question is whether upon the whole record the decree should be reversed for the errors complained of, and since error, in order to constitute ground for the bill, must be prejudicial to plaintiff, defendant may look into every part of the decree and record

assailed, and insist that, upon the whole of it, equity has been done. All the presumptions are in favor of the correctness of the decree assailed, and the burden of showing error is on plaintiff. Only those errors will be considered which are specified in the bill of review. Affidavits cannot be received in support of a motion to strike the bill from the files.'' 21 C. J. 766, sec. 916.

The original certiorari petition, judgment and proceedings in the Circuit Court are not before us and were not proven.

It does not appear what defenses Spivey made to the petition for certiorari in the Circuit Court, and it does not appear why the petition for certiorari was dismissed except that it was averred that only one petition was filed for the three cases.

It was alleged in the original bills in these causes, as fraud, that the justice of the peace arbitrarily refused to accept the appeal bonds and later to accept the paupers' oaths for the appeals. They further allege that the judgments were unjust and that they did not owe the debts. They testified on the reference that they had cancelled checks sufficient to more than pay each debt and filed purported copies of the lost checks. The defendant Spivey denied that these checks were payments on the debts, and insisted that they owed the judgments. This question was settled by the Chancellor and not appealed from. But there was absolutely no evidence that they offered good solvent appeal bonds or offered paupers' oaths in lieu thereof. They entirely ignored these questions. In a petition for certiorari it must not only be shown that the demands are unjust, but the parties must show a reason for not appealing. Caruthers' History of a Law Suit, sec. 655; Tennessee Procedure by Higgins & Crownover, secs. 1668-1670, 1694, 1695; 4 Michie's Digest of Tenn., Reports, (2 Ed.), 52, sec. 74.

It was likewise necessary for complainants Hartman in attacking these judgments for fraud to show that they were unjust and to explain why they did not appeal. A bill attacking a judgment for fraud must set out the fraud or circumstances of imposition; and the burden of proof is on the complainants to show the fraud. 34 C. J., 470, 471, 490, 494; Gibson's Suits in Chancery (4 Ed.), secs. 935, 1208; Hunt v. Childress, 5 Lea, 247; Driver v. Cobb, 1 Tenn. Ch., 490.

However, upon a bill of review for error apparent on the face of a decree, the court will not look to the evidence to test the correctness of the Chancellor's conclusions of fact. Drake v. Drake, 59 Tenn. (12 Heisk.), 704; Anderson v. Bank, 37 Tenn. (5 Sneed), 661; Burts v. Beard, 58 Tenn. (11 Heisk.), 472; Wilson v. Schaefer, 107 Tenn., 300, 64 S. W., 208; Eaton v. Dickinson, 35 Tenn. (3 Sneed), 397, 398.

It results that all the assignments of errors being overruled the de-

crees of the Chancellor are affirmed. Decrees will be entered in this court against the respective parties and Dr. Hesson as surety for the respective amounts together with interest thereon from September, 1935, to the present, together with the costs of the cause including the costs of the appeal.

Faw, P. J., and Felts, J., concur.